IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| DUKHAN MUMIN, | |
|---|---|
| Petitioner, | 4:18CV3015 |
| vs. | |
| BRAD HANSEN, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the court on initial review of Petitioner Dukhan Mumin's Petition for Writ of Habeas Corpus. ([Filing No. 1](#).) Mumin, a frequent filer, has recently filed three other habeas petitions in 4:17CV3164, 4:17CV3169, and 8:18CV102, and I take judicial notice of the records in those cases. In 4:17CV3169, I determined that Mumin's petition was a second or successive habeas petition and dismissed the petition with prejudice. (*See* [Filing No. 12](#), Case No. 4:17CV3169.) I now dismiss this petition because it too is a second or successive habeas corpus petition that has not been authorized by the Eighth Circuit Court of Appeals.

The statutory prohibition against successive petitions by state prisoners is codified in [28 U.S.C. § 2244](#), which provides in relevant part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral

> review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

In *Magwood v. Patterson*, 561 U.S. 320, 332–33 (2010), the United States Supreme Court held that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." In other words, the phrase "second or successive" applies to entire habeas petitions, and not to individual claims in those petitions. *Id*.

Here, Mumin challenges the habitual offender enhancement he received as part of his 2013 conviction in the District Court of Lancaster County, Nebraska, pursuant to Neb. Rev. Stat. § 29-2221. Liberally construed, summarized and condensed, Mumin alleges that his sentence is void because Neb. Rev. Stat. § 29-2221 violates his right to trial by jury by allowing a judge, instead of a jury, determine the existence of a fact essential to his punishment. *See Ring v. Arizona*, 536 U.S. 584 (2002).

This court's records reflect that Mumin's habeas corpus petition is successive. Mumin unsuccessfully challenged this same judgment of conviction in earlier federal habeas corpus litigation. (*See Mumin v. Frakes*, Case No. 4:16CV3033 (D. Neb.) (dismissing petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 with prejudice)). Thus, Mumin would be required to seek the permission of the Court of Appeals to commence this second action. 28 U.S.C. § 2444(b)(2) & (3)(A). He has not done so, and this matter must be dismissed. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (the district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain an order authorizing him to file second petition).

Finally, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that Petitioner's habeas corpus petition (filing no. 1) is dismissed with prejudice. The court will not issue a certificate of appealability in this matter. A separate judgment will be entered in accordance with this order.

Dated this 30th day of March, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge